**Labash v. Lobash**

*Gary Frankhouser,* for plaintiff.
*Phyllis Jin,* for defendant.

SOLOMON, *J.,* June 10, 2003—

### FINDINGS OF FACT

(1) Joseph Labash, the grandfather of the plaintiff, Joseph M. Labash, married Mary Labash, a/k/a Mary Lobash, on January 13, 1908.

(2) The family surname "Labash" and the family surname "Lobash" were each used by various family members and each, at times, refer to the same family member.

(3) There were two children born of this marriage, Anna Guerrini and Mary Zidack.

(4) In 1929, at no. 56 December term 1929, in the Office of the Prothonotary of Fayette County, Joseph Labash filed an action in divorce against Mary Labash, a/k/a Mary Lobash; however, no divorce was ever granted.

(5) Some time prior to December 1, 1933, Joseph Labash began living with Mary Blasek, who then went by the name of Mary Labash, hereinafter referred to as Mary Labash II.

(6) Joseph Labash and Mary Labash II, held themselves out to the world as husband and wife.

(7) There were three children born of this relationship, the first being Andrew M. Labash, who was born on December 1, 1933, Joseph J. Labash, and Catherine Labash.

(8) On October 25, 1948, Joseph Labash and Mary Labash II, acquired the real estate at issue in this case, a tract of land consisting of 109.116 acres, more or less, situate in Redstone Township and Menallen Township, Fayette County, Pennsylvania, and recorded in the office of the Recorder of Deeds of Fayette County, in deed book volume 665, page 168.

(9) Although Joseph Labash and Mary Labash II, took title as "Joseph Labash and Mary Labash, his wife," they actually took title as tenants in common since Joseph Labash was still married to Mary Labash, a/k/a Mary Lobash, on October 25, 1948.

(10) Mary Labash, a/k/a Mary Lobash, died on June 9, 1956.

(11) After the death of Mary Labash, a/k/a Mary Lobash, Joseph Labash and Mary Labash II, held themselves out to friends, family and children, and to the world, as husband and wife, thereby causing to come into existence a valid common-law marriage.

(12) Joseph Labash died on September 27, 1959, intestate, leaving his undivided 1/2 interest in the subject

premises to his surviving heirs, Mary Labash II, Anna Guerrini, Mary Zidack, Andrew M. Labash, Joseph J. Labash and Catherine Labash, each of whom acquired an undivided 1/12 interest in the subject premises by right of descent.

(13) Although, following the death of Joseph Labash, Mary Labash II treated the subject premises as hers, as the surviving tenant by the entireties. Her actual interest was her undivided 1/2 interest, as the surviving tenant in common, together with an undivided 1/12 interest as an heir to Joseph Labash, or a total of an undivided 7/12 interest.

(14) By deed dated June 22, 1960, Mary Labash II purportedly conveyed the subject premises to her son, Andrew M. Labash and Shirley June Labash, his wife. In actuality, she conveyed her undivided 7/12 interest. This deed is recorded in deed book volume 932, page 546.

(15) Thereafter, by deed dated August 20, 1968, and recorded in deed book volume 1064, page 784, Mary Labash II conveyed to Andrew M. Labash, her son, the certain parcels which had been reserved and excepted in the deed of June 22, 1960.

(16) In that same year, on December 9, 1968, Andrew M. Labash purportedly conveyed to Mary Labash II the subject premises, with a reservation, which deed is of record in deed book volume 1070, page 264. However, all he could convey was the undivided 7/12 interest previously conveyed to him by Mary Labash II, together with his undivided 1/12 interest which he had inherited from Joseph Labash, his father, or a total of an undivided 8/12 interest.

(17) At the time of the deed of December 9, 1968, Andrew M. Labash was divorced from Shirley June Labash and had previously received any interest which she may have had in the subject premises as part of the divorce settlement.

(18) Mary Labash II died on December 5, 1977, intestate, leaving to survive her Andrew M. Labash, Joseph J. Labash and Catherine Labash, her children, each of whom acquired an undivided 2/9 interest in the subject premises by right of descent.

(19) Upon the death of Mary Labash II, title in the subject premises was vested as follows:

| Anna Guerrini | — | an undivided 3/36 interest |
| Mary Zidack | — | an undivided 3/36 interest |
| Andrew M. Labash | — | an undivided 8/36 interest |
| Joseph J. Labash | — | an undivided 11/36 interest |
| Catherine Labash | — | an undivided 11/36 interest |
| Total | — | 100% |

(20) By deed dated March 5, 1986, and recorded in record book 145, page 25, Andrew M. Labash, Joseph J. Labash and Catherine Labash conveyed their respective interests in the subject premises to Joseph L. Labash and JoAnn Labash, his wife, vesting in them Andrew M. Labash's undivided 8/36 interest, Joseph J. Labash's undivided 11/36 interest, and Catherine Labash's undivided 11/36 interest, or a total of 30/36 interest.

(21) Six days later, by deed dated March 11, 1986, and recorded in record book 145, page 29, Joseph L. Labash and JoAnn Labash conveyed their interest in the subject premises to Joseph M. Labash, the plaintiff in this case, and Tamara Labash, his wife.

(22) Later that year, Andrew M. Lobash, a/k/a Andrew M. Labash, and Linda A. Lobash, his wife, the defendant in this case, and Catherine Labash, acquired the interests of Anna Guerrini and Mary Zidack in the subject premises by the following indentures:

"Indenture dated August 14, 1986, and recorded in record book 187, page 334.

"Indenture dated August 12, 1986, and recorded in record book 186, page 59."

(23) Following the conveyances in 1986, the interests of the parties in the subject premises were, and remain, as follows:

| Joseph M. Labash | — | an undivided 30/36 interest (or 10/12) |
| Andrew M. Labash and Linda A. Lobash | — | an undivided 3/36 interest (or 1/12) |
| Catherine Labash | — | an undivided 3/36 interest (or 1/12) |
| Total | — | 100% |

(24) The indentures from Anna Guerrini and Mary Zidack to Andrew M. Lobash, a/k/a Andrew M. Labash, and Linda A. Lobash, the defendant, his wife, and Catherine Labash, transferred interests that were lawfully vested in Anna Guerrini and Mary Zidack by right of descent from Joseph Labash, their father.

(25) The interest vested in Andrew M. Labash following the death of Mary Labash II, his mother, was not marital property. Any claim by Linda A. Lobash, the defendant, with regard to this interest, is under the Divorce Code and would relate to any increase in value.

## DISCUSSION

This case involves a factual scenario that would be of considerable interest to a law school class studying real property. Joseph Labash filed a divorce against his wife of 21 years, Mary, in 1929. Two children, Anna Guerrini and Mary Zidack, had been born of this marriage. After an answer to the complaint was filed by Mary, nothing further transpired with regard to the divorce.

Soon thereafter, Joseph Labash took up residence with a second Mary, and they held themselves out to the world as husband and wife. Three children were born of this relationship between Joseph Labash and the second Mary Labash, namely Andrew M. Labash, born on December 1, 1933, Joseph J. Labash and Catherine Labash.

On October 25, 1948, Joseph Labash and the second Mary Labash acquired a tract of land consisting of 109.116 acres, more or less, as more fully set forth in deed book volume 665, page 168. Although the grantee clause lists Joseph Labash and Mary Labash as husband and wife, on that date, Joseph Labash was still married to the first Mary. Therefore, by law, Joseph Labash and the second Mary took title as tenants in common and not as tenants by the entireties.

Seven years later, on June 9, 1956, the first Mary, the wife of Joseph Labash, died. Following her death, Joseph Labash and the second Mary continued to hold themselves out to the world as husband and wife. Since the death of Joseph Labash's wife Mary removed any impediment to Joseph Labash and the second Mary entering into a common-law marriage, the overt actions of Joseph Labash and the second Mary clearly demonstrate

that a valid common-law marriage had come into existence. Thus, at the time of the death of Joseph Labash on September 27, 1959, the second Mary was his common-law wife.

When Joseph Labash died, he died intestate and had an undivided 1/2 interest in the subject tract of land. This interest passed equally to his five surviving children and his second wife, Mary. Hence, each obtained, by right of descent, an undivided 1/12 interest in the land, with his wife, Mary, as a tenant in common, then owning an undivided 7/12 interest.

Thereafter, as more fully set forth in the findings of fact, there were several deeds of conveyance between Mary, the second wife of Joseph Labash, and Andrew M. Labash, her son, made prior to her death on December 5, 1977. When Mary died, intestate, she had an undivided 2/3 interest in the premises, which interest vested in her three children, Andrew M. Labash, Joseph J. Labash and Catherine Labash, by right of descent. Thus, at that time, title in the subject premises was as follows: Anna Guerrini, an undivided 3/36 interest; Mary Zidack, an undivided 3/36 interest; Andrew M. Labash, an undivided 8/36 interest; Joseph J. Labash, an undivided 11/36 interest; and Catherine Labash, an undivided 11/36 interest. Although Andrew M. Labash was married to Linda A. Lobash, the defendant, she acquired no interest in the subject premises at that time, only the right to make a claim for any increase in value of her husband's undivided interest.

The next transactions occurred in 1986. First, on March 5, 1986, Andrew M. Labash, Joseph J. Labash and

Catherine Labash conveyed their respective interests to Joseph L. Labash and JoAnn Labash, his wife, who, six days later, conveyed their interest to Joseph M. Labash, their son and the plaintiff herein, and his wife, Tamara Labash. Later that year, Andrew M. Labash and the defendant, his wife, together with Catherine Labash, acquired the interests of Anna Guerrini and Mary Zidack, by indentures dated August 14, 1986 and August 12, 1986, respectively.

Following the conveyances in 1986, title in the subject premises was vested as follows: Joseph M. Labash, the plaintiff, an undivided 30/36 (10/12) interest; Andrew M. Labash and Linda A. Lobash, the defendant, an undivided 3/36 (1/12) interest; and Catherine Labash, an undivided 3/36 (1/12) interest.

Although Andrew M. Labash and Linda A. Lobash, the defendant, have since divorced, marital distribution has not yet occurred, and that issue is not before us. What is at issue before us is what, if any, interest Anna Guerrini and Mary Zidack had in this property prior to their deeds to Andrew M. Labash and Linda A. Lobash, the defendant, and Catherine Labash. As set forth, *supra,* each, as an heir of Joseph Labash, had an undivided 1/12 interest in the realty, and each conveyed their interests in 1986 to Andrew M. Labash and Linda A. Lobash, the defendant, his wife, and to Catherine Labash.

Wherefore, we make the following:

## CONCLUSIONS OF LAW

(1) Joseph Labash and Mary Labash acquired title to the real estate at issue as tenants in common.

(2) Joseph Labash and Mary Labash entered into a valid common-law marriage in 1956.

(3) Upon the death of Joseph Labash in 1959, his five surviving children, Anna Guerrini, Mary Zidack, Andrew M. Labash, Joseph J. Labash and Catherine Labash, and his wife, Mary, each acquired an undivided 1/12 interest in the real estate at issue.

(4) Anna Guerrini and Mary Zidack divested themselves of their interests by indentures in 1986, to Andrew M. Labash and the defendant, Linda A. Lobash, his wife, and to Catherine Labash.

(5) Andrew M. Labash and the defendant, Linda A. Lobash, hold an undivided 1/12 interest in the subject premises as tenants in common.

## ORDER

And now, June 10, 2003, after bench trial, we find in favor of the defendant and against the plaintiff consistent with the foregoing findings of fact, discussion and conclusions of law.